ALLEN, Acting Chief Judge.
This opinion was originally written as a dissent to Judge Shannon’s opinion reversing the lower court’s denial of relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. ■ Upon the concurrence of Judge Willis, it now becomes the majority opinion.
The appellant, at the time he was arraigned [1] apparently had counsel, and even if counsel was not with him on such. occasion, he plead not guilty. Appellant does not allege that he was indigent. A copy of the information charging the appellant with the crime of breaking and entering was sent to counsel designated by him.
The official minutes of the court of proceedings on October 11, 1961, state:
“The State’s Motion for Continuance of the above-styled cause was filed. The defendant, Leslie Stanley Swinney, stipulated as to the matters set forth in the Motion for Continuance in relation to lock found in his possession, said stipulation being an instrument of record; thereupon said Motion was denied. The defendant stated that he iwanted to go to trial even without counsel(Emphasis added.)
The trial court concluded from its record that appellant had intelligently and understandingly waived the assistance of counsel for his trial on October 12, 1961.
The appellant had a chance for continuance at the time of the State’s motion, the day prior to trial, but refused to utilize the State’s motion for continuing his case. For some reason he apparently desired to go to trial without the presence of the coun *452 sel he had hired and declined to wait or to obtain new counsel.
Affirmed.
WILLIS, ROBERT E., Associate Judge, concurs.
SHANNON, J., dissents.

. Although the record here indicates that arraignment was held on October 10, 1961, appellant’s counsel concedes that it was held on October 5th, a week before trial.